16 F.3d 1221
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Howard T. PARGEN, Petitioner-Appellant,
v.
Pat CASEY, Warden, Respondent-Appellee.
 No. 93-5885.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1994.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 2
 Howard Pargen, a pro se prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Pargen was convicted by a Kentucky jury on charges of possession and sale of marijuana for which he received an eight year sentence and a $500 fine. Pargen filed an unsuccessful appeal in the Kentucky appellate courts and his collateral challenge to his convictions was also denied.
 
 
 4
 Pargen then filed his habeas corpus petition raising six grounds for relief. He alleged that the trial court:
 
 
 5
 (1) erred in admitting evidence pursuant to an invalid search warrant;
 
 
 6
 (2) erred by not permitting him to cross-examine Pence, a prosecution witness;
 
 
 7
 (3) manipulated the jury into returning a guilty verdict against Pargen;
 
 
 8
 (4) lacked jurisdiction to try Pargen on a felony for what was a misdemeanor;
 
 
 9
 (5) erred in allowing his conviction to stand based on a variance in the indictment; and
 
 
 10
 (6) erred in failing to grant separate trials to Pargen and his co-defendant.
 
 
 11
 He also alleged an ineffective assistance of counsel claim for the first time in the district court.
 
 
 12
 A magistrate judge recommended denying Pargen's habeas petition. After de novo review in light of Pargen's objections, the district court adopted the recommendation of the magistrate judge and dismissed the case.
 
 
 13
 On appeal, Pargen's pro se brief is construed as arguing those claims which he raised in the district court. He requests the appointment of counsel and oral argument. The respondent has notified the court that he will not be filing a brief.
 
 
 14
 Upon review, we conclude that the district court properly dismissed Pargen's habeas petition because he was not denied a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). We further conclude that the district court properly refused to consider the merits of claims enumerated three through six above and Pargen's ineffective assistance of counsel claim because he has failed to show cause to excuse his procedural default in the state courts and actual prejudice resulting therefrom. Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977). His claims are nonetheless without merit.
 
 
 15
 Accordingly, we deny Pargen's requests for oral argument and counsel, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, U.S. District Judge for the Eastern District of Tennessee, sitting by designation